Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
11/25/2025
CT Log Number 550736367

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in New York**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VICKERS VANDAKAY G. // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Letter(s), Notice(s), Attachment(s), Summons, Complaint |
| **COURT/AGENCY:** | Queens County Supreme Court, NY<br>Case # 7331792025 |
| **NATURE OF ACTION:** | Personal Injury - 05/15/2024, 77 Green Acres Road South, Valley Stream, New York |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 11/25/2025 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Dimitriy Shulman<br>Elliot Ifraimoff & Associates, P.C.<br>118-35 Queens Blvd., Suite 1250<br>Forest Hills, NY 11375<br>718-205-1010 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/26/2025, Expected Purge Date: 12/06/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | Documents were served upon the New York Secretary of State on 11/13/2025 and forwarded to CT Corporation. |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

US POSTAGE
ZIP 12231
02 4W
0000390363

**Return Services Requested**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

***USPS CERTIFIED MAIL***

**USPS CERTIFIED MAIL**

**9214 8969 0059 7931 4396 71**

202511190039
WALMART INC.
28 LIBERTY STREET
NEW YORK NY 10005, USA

STATE OF NEW YORK
DEPARTMENT OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

November 19, 2025

WALMART INC.
28 LIBERTY STREET
NEW YORK NY 10005, USA

| | |
|---|---|
| RE: Party Served: | WALMART INC. |
| Plaintiff/Petitioner: | VANDAKAY G. VICKERS |
| Receipt Number: | 202511190039 |
| Date Served: | 11/13/2025 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492

NEW YORK STATE OF OPPORTUNITY. | Department of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

VANDAKAY G. VICKERS,

Plaintiff,

-against-

WAL-MART STORES EAST, LP and WALMART INC.,

Defendants.

INDEX NO. 733179/2025

**NOTICE OF ELECTRONIC FILING**

**NOTICE OF ELECTRONIC FILING**

**(Mandatory Case)**

(Uniform Rule Section 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney:</u>**

Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney:</u>**

**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

**(E-filing is Mandatory for Attorneys)**

**An attorney representing a party who is served with this notice must either:**

**1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or**

**2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]**

**For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).**

**Dated: Forest Hills, New York**
**November 4, 2025**

**By: Dmitriy Shulman**
**ELLIOT IFRAIMOFF & ASSOCIATES, P.C.**
Attorneys for Plaintiff
118-35 Queens Blvd., Suite 1250
Forest Hills, New York 11375
(718) 205-1010

WAL-MART STORES EAST, LP
Defendant Pro Se
266 Lyell Avenue
Rochester, New York 14608

File Number:

WALMART INC.
Defendant Pro Se
28 LIBERTY STREET
New York, New York 10005

File Number:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed:____________

INDEX NO.

VANDAKAY G. VICKERS,

Plaintiff,

Plaintiff designates Queens County as the place of trial.

-against-

**SUMMONS**

WAL-MART STORES EAST, LP and WALMART INC.,

Defendants.

The basis of venue is Plaintiff's residence: Queens, New York

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Forest Hills, New York
November 3, 2025

Dmitriy Shulman

**ELLIOT IFRAIMOFF & ASSOCIATES, P.C.**
Attorneys for Plaintiff
118-35 Queens Blvd., Suite 1250
Forest Hills, New York 11375
(718) 205-1010

WAL-MART STORES EAST, LP
266 Lyell Avenue
Rochester, New York 14608

WALMART INC.
28 LIBERTY STREET
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| VANDAKAY G. VICKERS,<br><br>Plaintiff,<br><br>-against-<br><br>WAL-MART STORES EAST, LP and WALMART INC.,<br><br>Defendants. | INDEX NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL IS REQUESTED** |

Plaintiff, by her attorneys, ELLIOT IFRAIMOFF & ASSOCIATES, P.C., as and for her Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, VANDAKAY G. VICKERS, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

2. The defendant WAL-MART STORES EAST, LP, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Nassau and the State of New York.

3. The defendant WAL-MART STORES EAST, LP, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, WAL-MART STORES EAST, LP, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

5. The defendant, WAL-MART STORES EAST, LP, at all times herein mentioned was and still is a partnership doing business in the County of Nassau and the State of New York.

6. The defendant, WAL-MART STORES EAST, LP, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Nassau and the State of New York.

7. The defendant, WAL-MART STORES EAST, LP, at all times herein mentioned

was and still is a limited liability corporation doing business in the County of Nassau and the State of New York.

8. The defendant, WAL-MART STORES EAST, LP, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Nassau and the State of New York.

9. At all times herein mentioned, defendant WAL-MART STORES EAST, LP transacted business within the State of New York.

10. At all times herein mentioned, defendant WAL-MART STORES EAST, LP derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant WAL-MART STORES EAST, LP expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant WAL-MART STORES EAST, LP derived substantial revenue from interstate or international commerce.

13. The defendant WALMART INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of New York and the State of New York.

14. The defendant WALMART INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

15. The defendant, WALMART INC., at all times herein mentioned conducted and carried on business in the County of New York and the State of New York.

16. The defendant, WALMART INC., at all times herein mentioned was and still is a partnership doing business in the County of New York and the State of New York.

17. The defendant, WALMART INC., at all times herein mentioned was and still is a

limited liability partnership doing business in the County of New York and the State of New York.

18. The defendant, WALMART INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of New York and the State of New York.

19. The defendant, WALMART INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of New York and the State of New York.

20. At all times herein mentioned, defendant WALMART INC. transacted business within the State of New York.

21. At all times herein mentioned, defendant WALMART INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

22. At all times herein mentioned, defendant WALMART INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

23. At all times herein mentioned, defendant WALMART INC. derived substantial revenue from interstate or international commerce.

24. At all times herein mentioned, VANDAKAY G. VICKERS was lawfully upon defendants' premises.

25. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP owned the premises located at 77 Green Acres Road South, Valley Stream, New York.

26. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP was one of the owners of the premises located at 77 Green Acres Road South, Valley Stream, New York.

27. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP was a lessee or a sub-lessee of the premises located at 77 Green Acres Road South, Valley Stream, New York.

28. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees operated a business at the premises located at 77

Green Acres Road South, Valley Stream, New York.

29. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees operated a Walmart Store at the premises located at 77 Green Acres Road South, Valley Stream, New York.

30. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees maintained the premises located at 77 Green Acres Road South, Valley Stream, New York.

31. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees managed the premises located at 77 Green Acres Road South, Valley Stream, New York.

32. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees controlled the premises located at 77 Green Acres Road South, Valley Stream, New York.

33. At all times herein mentioned, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees supervised the premises located at 77 Green Acres Road South, Valley Stream, New York.

34. On or before May 15, 2024, the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees cleaned the premises located at 77 Green Acres Road South, Valley Stream, New York.

35. At all times herein mentioned, it was the duty of the defendant WAL-MART STORES EAST, LP, defendant's servants, agents and/or employees to maintain said premises located at 77 Green Acres Road South, Valley Stream, New York, in a reasonably safe and suitable condition and in good repair and to clean and mop said premises.

36. At all times herein mentioned, the defendant WALMART INC. owned the premises located at 77 Green Acres Road South, Valley Stream, New York.

37. At all times herein mentioned, the defendant WALMART INC. was one of the owners of the premises located at 77 Green Acres Road South, Valley Stream, New York.

38. At all times herein mentioned, the defendant WALMART INC. was a lessee or sub-lessee of the premises located at 77 Green Acres Road South, Valley Stream, New York.

39. At all times herein mentioned, the defendant WALMART INC., defendant's servants, agents and/or employees operated business at the premises located at 77 Green Acres Road South, Valley Stream, New York.

40. At all times herein mentioned, the defendant WALMART INC., defendant's servants, agents and/or employees operated Walmart Store at the premises located at 77 Green Acres Road South, Valley Stream, New York.

41. At all times herein mentioned, the defendant WALMART INC., defendant's servants, agents and/or employees maintained the premises located at 77 Green Acres Road South, Valley Stream, New York.

42. At all times herein mentioned, the defendant WALMART INC., defendant's servants, agents and/or employees managed the premises located at 77 Green Acres Road South, Valley Stream, New York.

43. At all times herein mentioned, the defendant WALMART INC., defendant's servants, agents and/or employees controlled the premises located at 77 Green Acres Road South, Valley Stream, New York.

44. At all times herein mentioned, the defendant WALMART INC., defendant's servants, agents and/or employees supervised the premises located at 77 Green Acres Road South, Valley Stream, New York.

45. On or before May 15, 2024, the defendant WALMART INC., defendant's servants, agents and/or employees repaired the premises located at 77 Green Acres Road South, Valley Stream, New York.

46. On or before May 15, 2024, the defendant WALMART INC., defendant's servants, agents and/or employees inspected the premises located at 77 Green Acres Road South, Valley Stream, New York.

47. On or before May 15, 2024, the defendant WALMART INC., defendant's servants, agents and/or employees constructed the premises located at 77 Green Acres Road South, Valley Stream, New York.

48. On or before May 15, 2024, the defendant WALMART INC., defendant's servants, agents and/or employees designed the premises located at 77 Green Acres Road South, Valley Stream, New York.

49. At all times herein mentioned, it was the duty of the defendant WALMART INC., defendant's servants, agents and/or employees to maintain said premises located at 77 Green Acres Road South, Valley Stream, New York, in a reasonably safe and suitable condition and in good repair and to clean and mop said premises.

50. At the aforesaid time and place VANDAKAY G. VICKERS was caused to slip and/or trip and/or fall on the aforesaid premises.

51. At the aforesaid time and place VANDAKAY G. VICKERS was caused to be injured on the aforesaid premises.

52. At the aforesaid time and place VANDAKAY G. VICKERS was caused to be seriously injured on the aforesaid premises.

53. At the aforesaid time and place VANDAKAY G. VICKERS was caused to be permanently injured on the aforesaid premises.

54. At the aforesaid time and place, defendants caused and created condition which caused plaintiff's accident.

55. At the aforesaid time and place, condition which caused plaintiff's accident resulted from special use.

56. The aforesaid occurrence and resulting injuries to VANDAKAY G. VICKERS were solely as a result of the defendants' negligence, carelessness and recklessness, in the ownership, leasing, operation, maintenance, management, control, supervision, repair and inspection of the aforesaid premises.

57. By reason of the foregoing, the plaintiff, VANDAKAY G. VICKERS, was damaged by the defendants.

58. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules. Particularly the exception set forth in Section 1602(6).

59. Due to defendants' negligence, plaintiff is entitled to damages in the sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

60. Due to defendant's negligence, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

**WHEREFORE**, the plaintiff demands judgment awarding damages in the sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Forest Hills, New York
November 3, 2025

Dmitriy Shulman

**By: Dmitriy Shulman, Esq.**
**ELLIOT IFRAIMOFF & ASSOCIATES, P.C.**
Attorneys for Plaintiff
118-35 Queens Blvd., Suite 1250
Forest Hills, New York 11375
(718) 205-1010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.

---

VANDAKAY G. VICKERS,

Plaintiff,

-against-

WAL-MART STORES EAST, LP and WALMART INC.,

Defendants.

---

**SUMMONS and COMPLAINT**

---

The documents herein are hereby certified pursuant to 25 NYCRR 130-1.1-a

By: Dmitriy Shulman
Dmitriy Shulman, Esq.

**ELLIOT IFRAIMOFF & ASSOCIATES, P.C.**
Attorneys for Plaintiff
118-35 Queens Blvd., Suite 1250
Forest Hills, New York 11375
(718) 205-1010